UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.3:06-CV-31-H

CHARLES L. ASBERRY, SR.                                                                           PLAINTIFF

v.

IRVIN G. MAZE                                                                                            DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Charles L. Asberry, Sr., *pro se,* seeks legal and equitable relief from Defendant, Irvin G. Maze, Jefferson County Attorney, under 42 U.S.C. § 1983, for his conduct in prosecuting Plaintiff on charges of non-payment of child support.  This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915 and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  The Court will dismiss the complaint *sua sponte* for seeking relief against a defendant who is immune from such relief, pursuant to § 1915(e)(2).

**I.**

In cases where an individual is proceeding *in forma pauperis* under 28 U.S.C. § 1915(a), the district court must screen the complaint, before service of the complaint upon any defendants, to identify cognizable claims and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true.  *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002).  Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations.

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

The complaint asserts an individual-capacity claim against Defendant, Irvin G. Maze, Jefferson County Attorney, who is responsible for prosecuting Jefferson District Court cases.

Plaintiff states his wages are being garnished for child support and that he was incarcerated for non-support over a ten-day period this year. Plaintiff alleges Defendant "gained the conviction unlawfully" and that "these common practices" are part of a racketeering scheme. Plaintiff provides no other factual allegations in support of this claim.

Plaintiff seeks $50,000 in compensatory damages, $50,000 in punitive damages, Defendant's disbarment, and expungement of Plaintiff's criminal record.

## III.

Section 1983 provides a civil remedy to individuals who suffer injury from the deprivation of a federal right by a person acting "under color of [state] law." 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Although § 1983 on its face contains no defenses, the United States Supreme Court has interpreted this statute as incorporating the defense of absolute immunity from suit, a judicial doctrine reserved for select officials – including prosecutors – whose immunity is essential for

the conduct of their public business. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that absolute immunity extends to prosecutors in their decision to initiate and to present a government's case); *Owen v. City of Independence*, 445 U.S. 622, 638 (1980). "Prosecutorial immunity extends to a prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer." *Holloway v. Brush*, 220 F.3d 767, 775 (6th Cir. 2000) (internal quotations omitted); *see Hilliard v. Williams*, 540 F.2d 220 (6th Cir. 1976). The critical inquiry is whether the prosecutor's challenged activity is "intimately associated with the judicial phase of the criminal process." *Holloway*, 220 F.3d at 775 (quoting *Imbler*, 424 U.S. at 430).

Here, the allegations that Defendant obtained the conviction unlawfully and engaged in racketeering are merely conclusory and lack the requisite factual specificity. Some factual basis for such claims must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). This means the plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Thus, Plaintiff essentially complains about conduct that comprises the very core of Defendant Maze's official duties: the initiation and presentation of the government's case. Because Plaintiff challenges the prosecutor's advocacy of the government's case and only conduct intimately associated with the judicial phase of the county, criminal charges, the Court

concludes absolute prosecutorial immunity bars the claim against Defendant.

    The Court will enter an order consistent with this Memorandum Opinion.

    Dated:

cc:    Plaintiff, *pro se*

4412.007